JUDGE CARTER

12 CIV 4334

PREET BHARARA
United States Attorney for the
Southern District of New York
By: Barbara A. Ward
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-1048
barbara.ward@usdoj.gov


RECEIVED JUN 01 2012 U.S.D.C. S.D.N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA,

        Plaintiff,

      - v -

$900,000 ON DEPOSIT IN THE UNITED
STATES MARSHALS SERVICE SEIZED
ASSETS DEPOSIT ACCOUNT AT THE
FEDERAL RESERVE BANK, NEW YORK,
NEW YORK, AND ALL PROPERTY
TRACEABLE THERETO,

        Defendant in rem.

------------------------------------x

VERIFIED COMPLAINT

12 Civ.

ECF CASE

      Plaintiff United States of America, by its attorney, PREET BHARARA, United States Attorney for the Southern District of New York, for its complaint alleges, upon information and belief, as follows:

      I.   JURISDICTION AND VENUE

      1.   This action is brought pursuant to 18 U.S.C. §§ 981 and 984 by the United States of America seeking the forfeiture of all right, title and interest in $900,000 on deposit in the United States Marshals Service Seized Assets Deposit Account at the

Federal Reserve Bank, New York, New York, and all property traceable thereto (hereinafter, the "Defendant in Rem").

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of New York and pursuant to 28 U.S.C. § 1395 because the Defendant in Rem is located in the Southern District of New York.

## II. PROBABLE CAUSE FOR FORFEITURE

4. This action arises from the prosecution of WILLIAM H. ROGERS, among others, in connection with his participation in a scheme to defraud investor-clients of Martin A. Armstrong, and the entities affiliated with or controlled by Armstrong, including Princeton Economics International, Ltd., from in or about 1992 up to and including August 1999.

5. On or about July 22, 2004, Rogers was charged in four counts in Information 04 Cr. 708 (JSR) with commodities fraud and securities fraud, in violation of 18 U.S.C. § 371; 7 U.S.C. §§ 6b(a)(2)(I), 6b(a)(2)(iii) and 13; 15 U.S.C. §§ 78j(b) and 78ff; and 17 C.F.R. § 240.10b-5. A copy of the Information is attached hereto as Exhibit A and incorporated herein by reference as if set out in full.

2

6. As set forth in the Information, Rogers, among others, engaged in a scheme to defraud investors who purchased certain securities issued by Princeton Global Management, Ltd., a holding company which was purported to own a series of incorporated "special purpose vehicles." Rogers and others fraudulently induced approximately 139 victim-investors (the "Noteholders") to purchase approximately 400 Princeton Notes for approximately $3 billion.

7. Contrary to representations to investors, Rogers and his co-conspirators engaged in a variety of deceptive and manipulative acts and practices which deceived and defrauded the Noteholders and unlawfully benefitted the participants in the scheme. Those practices included (i) risky and speculative trading activity, which was concealed from the Noteholders, and resulted in losses of approximately $580 million; (ii) numerous misrepresentations to investors designed to conceal these massive losses; (iii) the commingling of funds raised from the sale of separate Princeton Notes; (iv) the use of funds raised from the sale of newer notes to pay off older notes as they came due, in the manner of a Ponzi scheme; and (v) the misappropriation of investor funds for the personal benefit of Armstrong and others involved in the scheme. As a result of these illegal practices, the Noteholders suffered losses exceeding $700 million in aggregate.

8.  On or about July 22, 2004, Rogers pleaded guilty to conspiracy to commit securities fraud and commodities fraud pursuant to a written plea agreement. Rogers admitted to making numerous fraudulent representations concerning the value of assets in the accounts that Armstrong controlled, making fraudulent representations regarding Armstrong's trading performance, and wrongfully commingling investor funds.

9.  In the plea agreement, Rogers agreed (i) to forfeit pursuant to 18 U.S.C. §§ 981 and 984, or disgorge, for purposes of restitution, the sum of $6,000,000, and (ii) to pay $900,000 by certified check to the United States Marshals Service at or before the entry of his guilty plea. Said $900,000 constitutes the Defendant in Rem herein.

10. In the plea agreement, Rogers represented that, at the time he transferred the Defendant in Rem to the United States Marshals Service, he had sole title to such funds.

11. In exchange for the payment of the Defendant in Rem, the Government and Rogers agreed that the balance of Rogers's $6,000,000 obligation described in paragraph 9 above would be satisfied in accordance with the terms set forth in a settlement between Rogers and the United States Commodity Futures Trading Commission.

4

12. The Defendant in Rem is being held on deposit in the United States Marshals Service Seized Assets Deposit Account at the Federal Reserve Bank, New York, New York.

### III. CLAIMS FOR FORFEITURE

13. Incorporated herein are the allegations contained in paragraphs one through twelve of this Verified Complaint.

14. Pursuant to 18 U.S.C. § 981(a)(1)(A), "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of ... section 1956 or 1957 of this title [relating to money laundering], or any property traceable to such property," is subject to forfeiture to the United States.

15. 18 U.S.C. § 1956(a)(1) imposes a criminal penalty upon any person who,

> knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity--
>
> (A) (i) with the intent to promote the carrying on of specified unlawful activity; or
>
> (ii) with intent to engage in conduct constituting a violation of section 7201 or 7206 of the Internal Revenue Code of 1986; or
>
> (B) knowing that the transaction is designed in whole or in part-
>
> (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or

      (ii) to avoid a transaction reporting requirement under State or Federal Law.

16. "Specified unlawful activity" is defined in 18 U.S.C. § 1956(c)(7), and the term includes any offense listed under 18 U.S.C. § 1961(1). Section 1961(1) lists, among other offenses, fraud in the sale of securities.

17. Section 1957 of Title 18, United States Code, provides, in pertinent part, that "[w]hoever ... knowingly engages or attempts to engage in a monetary transaction [in the United States] in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity" shall be guilty of a crime. A "monetary transaction" includes "the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument ... by, through, or to a financial institution ..." 18 U.S.C. § 1957(f)(1).

18. Section 1956(h) provides that:

> (h) Any person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

19. Title 18, United States Code, Section 981(a)(1)(C), subjects to forfeiture:

> [a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specific unlawful activity' (as defined in

section 1956(c)(7) of this title), or a conspiracy to commit such offense."

20. Title 18, United States Code, Section 984, provides in relevant part that:

> (a)(1) In any forfeiture action in rem in which the subject property is cash, monetary instruments in bearer form, funds deposited in an account in a financial institution (as defined in section 20 of this title), or precious metals –
>
>> (A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and
>>
>> (B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.
>
> (2) Except as provided in subsection (b), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.
>
> (b) No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense.

21. Based on the foregoing, and as a result of the conduct of Rogers and his co-conspirators, the Defendant in Rem became, and is, subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A), (a)(1)(C), and 984.

WHEREFORE, plaintiff United States of America prays that process be issued to enforce the forfeiture of the Defendant in Rem and that all persons having an interest in the Defendant in Rem be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant in Rem to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
     May 8, 2012

bw 31

                    PREET BHARARA
                    United States Attorney for the
                    Southern District of New York
                    Attorney for the Plaintiff
                    United States of America

By: _/s/ Barbara A. Ward_____
     BARBARA A. WARD
     Assistant United States Attorney

VERIFICATION

STATE OF NEW YORK              )
COUNTY OF NEW YORK             )  ss:
SOUTHERN DISTRICT OF NEW YORK  )

Robert M. Cappadona, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation, and as such has responsibility for the within action, that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his own knowledge, information and belief.

The source of his information and the grounds of his belief are official records and files of the United States and information obtained during an investigation of alleged violations of Titles 7, 15 and 18 of the United States Code.

_____
Robert M. Cappadona
Special Agent
Federal Bureau of Investigation

Sworn to before me this
31st day of May, 2012:

_____
NOTARY PUBLIC

MARCO DASILVA
Notary Public, State of New York
No. 01DA6145603
Qualified in Nassau County
My Commission Expires May 3, 2014